**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**JANELLE MASSEY**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 22-3924**

**JUDGE BENEDICT J. WILLARD,**                        **SECTION "B"(5)**
**AS EMPLOYMENT SUPERVISOR AND**
**IN HIS PERSONAL CAPACITY, AND**
**CRIMINAL DISTRICT COURT**
**ORLEANS PARISH**

<u>ORDER AND REASONS</u>

Before the Court is defendant Orleans Parish Criminal District Court's ("OPCDC") motion to stay discovery pending ruling on sovereign immunity (Rec. Doc. 24). The motion was filed on December 13, 2022, and set for submission on January 4, 2023. According to Local Rule 7.5, plaintiff's opposition was due December 27, 2022. To date no opposition was filed into the record, therefore defendant's motion will be treated as unopposed. For the following reasons,

**IT IS HEREBY ORDERED** that the defendant's motion (Rec. Doc. 24) is **GRANTED,** and discovery is **STAYED** until further order of the Court. Janelle Massey ("plaintiff") was hired as a law clerk for Judge Benedict Willard at the Orleans Parish Criminal District Court ("OPCDC") immediately after graduating from Southern University Law Center and passing the bar exam in 2002. *See* Rec. Doc. 14 at 2. In 2011 Massey was diagnosed with Multiple Sclerosis ("MS"), and in 2014 Massey transitioned to using a walker due to her pregnancy and her concern for her balance. *Id.* at 3. "In 2017,

1

Massey became unable to drive due to having drop foot from the MS, a condition causing difficulty in lifting the front of the foot." *Id.* Massey's condition further required her to attend medical appointments and she suffered from the occasional illness. *See id.* Plaintiff was then allegedly terminated by Judge Willard on May 6, 2019. *See id.* 6; Rec. Doc. 19-1 at 3.

Plaintiff filed this action on October 14, 2022, naming Judge Willard and the OPCDC as defendants, alleging disability discrimination in violation of VII of the Civil Rights Act. *See* Rec. Doc. 1 at 1-2.

On November 10, 2022, Judge Willard filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that he cannot be held liable in his individual capacity for alleged discrimination, and that he may not be sued in his capacity as a supervisor because OPCDC was also named a defendant. *See* Rec. Doc. 12 at 1. Then on December 6, 2022, OPCDC filed a 12(b)(6) motion to dismiss raising Eleventh Amendment immunity under the United States Constitution. *See* Rec. Doc. 19. Both motions are still pending before this Court. On December 13th, 2022, OPCDC filed the instant motion to stay discovery pending ruling on sovereign immunity. *See* Rec. Doc. 24.

The doctrine of sovereign immunity recognized in the Eleventh Amendment of the United States Constitution "is commonly distilled to the proposition that individuals may not sue a state-either in

its own courts, courts of other states, or federal courts-without the state's consent." *See Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022).

"[S]overeign immunity is an immunity from *suit* (including discovery), not just liability. Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Fifth Circuit has made it clear that, "until the threshold immunity question is resolved, discovery generally should not be allowed. *Rouser v. Johnson*, No. 94-30013, 1994 WL 523784, at *6 (5th Cir. 1994) (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)).

Further, "[t]rial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilot Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Having reviewed the instant unopposed motion to stay, the pending motions to dismiss, and the record as a whole, the Court finds it appropriate to stay discovery until resolution of the pending motions to dismiss. Whereas Judge Willard does not allege immunity under the Eleventh Amendment in his motion to dismiss,

the Court finds it proper to exercise its broad discretion to stay discovery for all parties until the preliminary question of immunity is resolved.

    New Orleans, Louisiana this 24th day of January, 2023

                                            _____
                                          SENIOR UNITED STATES DISTRICT JUDGE