UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JANELLE MASSEY**                                           **CIVIL ACTION**

**VERSUS**                                                   **NO. 22-3924**

**JUDGE BENEDICT J. WILLARD,**                               **SECTION "B"(5)**
**AS EMPLOYMENT SUPERVISOR AND**
**IN HIS PERSONAL CAPACITY, AND**
**CRIMINAL DISTRICT COURT**
**ORLEANS PARISH**

## ORDER AND REASONS

Before the Court are defendant Judge Benedict J. Willard's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Rec Doc. 12), plaintiff's opposition (Rec. Doc. 16), and defendant's reply (Rec. Doc. 23). For the following reasons,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss is **GRANTED,** and plaintiff's claims against Judge Willard are **DISMISSED.**

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Jannelle Massey graduated from Southern University Law Center in 2002, and following the bar exam, was hired by Judge Benedict Willard at the Orleans Parish Criminal District Court ("OPCDC") as a law clerk. Rec. Doc. 14 at 2. In July of 2011, Massey was diagnosed with Multiple Sclerosis ("MS") and in 2014, "transitioned to using a walker because she was pregnant and concerned about her balance." *Id.* at 3. However, her condition progressively worsened, and by 2017 Massey had developed drop foot, causing her difficulty in lifting the front of her foot and leaving her unable to drive. *Id.* Whereas Massey contends

1

that until 2017 her unofficial duties included "running Judge Willard's personal errands, picking up his children from school, taking Judge Willard's children to eat after school, setting up for campaign parties at Judge Willard's home . . . ," among others, these duties ceased when she could no longer drive. *Id.* at 4. At that point the minute clerk, Lawrence Dejan, assumed these duties and allegedly "would berate Massey because her 'crippled ass' could no longer drive.'" *See id.* at 4-5.

According to Massey, her MS only affected her lower extremities, and throughout her time with the court, her cognitive function along with her abilities to type, write, and communicate were not affected. *Id.* at 3. However, Massey further alleges that beginning at the time where she was no longer able to drive, she "was harassed by Judge Willard, Dejan, and secretary Judith Thomas . . . ." *Id.* at 4. Massey also states that "Judge Willard would tell [her] to 'get that thing out' of his courtroom," in reference to her walker. *Id.* In 2019, after Massey called out sick due to a medication interaction, Judge Willard, through a text message exchange with Massey, expressed that they needed "to discuss the reality of [her] health and wellness along with a discussion of disability." *Id.* at 5. Massey expressed her desire to continue working at the OPCDC and the necessity of her medical insurance; however, Judge Willard

2

reiterated that "[d]isability payments and insurance need to be explored." *See id.*

Later in the year due to the New Orleans Jazz & Heritage Festival ("Jazz Fest"), Judge Willard decided to close his chambers for various days, including Thursday, April 25, Friday, April 26, Thursday, May 2, and Friday, May 3. *See id.* at 6. On April 26, 2019, "Massey was emergently hospitalized for sepsis due to a urinary tract infection," and was not discharged until April 30. *See id.* She did not return to work for the rest of the week. *See id.* On Sunday, May 5, 2019, Judge Willard texted Massey "inform[ing] her that she could not return to work without medical clearance," on a phone call on May 6, 2019, Massey alleges that Judge Willard told her "I can't take this anymore. We can't take it. We have to move on. You either seek disability or find employment elsewhere." *Id.* That same day, Judge Willard submitted a letter to Robert Kazik, the Judicial Administrator of Criminal Court, advising him that Massey potentially needed long-term therapy, and with the uncertainty of when she would return, he would need a temporary law clerk. Rec. Doc. 27-1 at 7. On May 8, Massey returned to her office to gather her belongings, and "[s]he tendered a letter indicating that she will seek her rights pursuant to the Family Medical

3

Leave Act."[1] *See* Rec. Doc. 14 at 6-7; Rec. Doc. 27-1 at 8, 11. On August 5, 2019 Jude Willard submitted a letter to Kazik stating that "Janelle Massey has been on emergency medical leave since May 2019. It is my understanding that she is in the proess of seeking long-term disability. Because 12 weeks have passed since May 1, 2019 it is time to remove her from pay-roll." Rec. Doc. 14 at 10. However, Massey contends she was never officially on FMLA leave and that she "was forced to file for disability retirement . . . ," which was approved on June 27, 2019. *Id.*

On November 15, 2019, Massey filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which issued a notice of right to sue on July 19, 2022. *See id.* at 14-15. Massey filed her original complaint in this Court on October 14, 2022, naming Judge Benedict Willard in his capacity as her supervisor and in his individual capacity, and the Orleans Parish Criminal District Court as defendants. *See* Rec. Doc. 1. On November 10, 2022, Judge Willard filed the instant motion to dismiss. Rec. Doc. 12. Then on November 26, 2022, Massey filed her amended complaint alleging that she was discriminated against and terminated on account of her disability, in violations of the Americans with Disabilities

---

[1] In her complaint, Massey alleges that "Judge Willard ordered Massey to type and sign a request for Family Medical Leave Act (FMLA) leave and apply for disability," and "[f]earful of not having an income or medical benefits for herself and her five-year-old daughter, Massey complied with Judge Willard's order." Rec. Doc. 14 at 7.

4

Act, seeking monetary relief for her alleged damages, attorney fees, litigation costs, and equitable relief. *See* Rec. Doc. 14 at 13, 15-16. The amended complaint further stated that Judge Willard was sued in his capacity as plaintiff's supervisor and "in a non-judicial capacity, previously phrases as his individual capacity[.]" *id.* at 2. On November 29, 2022, plaintiff filed her opposition to defendant's motion to dismiss (Rec. Doc. 16), and defendant filed his reply on December 7, 2023 (Rec. Doc. 23).[2]

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] The Court recently granted defendant Orleans Parish Criminal District Court's motion to dismiss (Rec. Doc. 19).

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**B. Plaintiff's Claims under Title VII and the Americans with Disabilities Act**

According to plaintiff's complaint she brought this action against defendant Judge Benedict Willard as plaintiff's supervisor and in his individual capacity[3] pursuant to the Americans with Disabilities Act ("ADA") and Title VII of the

---

[3] Whereas plaintiff amended her complaint to bring her claims against defendant Judge Benedict Willard "as Massey's supervisor and acting in a non-judicial capacity," plaintiff does not explain, nor is it apparent to this Court, that bringing the action against defendant Judge Willard in his non-judicial capacity is any different than bringing the action against him in his individual capacity. *See* Rec. Doc. 14 at 2. Further, plaintiff's opposition to defendant's motion to dismiss, which was filed after the amended complaint, states that she "has alleged very specific claims upon which relief can be granted against Judge Willard in his individual and supervisory capacities . . . ." Rec. Doc. 16 at 2. Therefore, the Court will consider non-judicial capacity to mean individual capacity.

6

Civil Rights Act of 1964 ("Title VII"). *See* Rec. Doc. 1. Both the ADA and Title VII prohibit employment discrimination. "The ADA provides that no covered employer shall 'discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees.'" *Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010) (quoting 42 U.S.C. § 12112(a)). Whereas Title VII provides that "an employer may not discriminate on the basis of race, color, religion, sex, or national origin." *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994) (citing 42 U.S.C. § 2000e-2). However, "[u]nder both Title VII and the ADA, an 'employer' is 'a person engaged in an industry affecting commerce who has fifteen or more employees . . . *and any agent of such person*, . . . .'" *Mays v. Bd. of Commissioners Port of New Orleans*, No. 14-1014, 2015 WL 1245683, at *5 (E.D. La. Mar. 18, 2015) (emphasis added) (citations omitted).

### 1. Claims Against Defendant Judge Willard in his Individual / Non-Judicial Capacity

Whereas plaintiff names defendant Judge Willard in his individual or non-judicial capacity, the Fifth Circuit has made it clear that "[o]nly 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under title VII." Grant, 21 F.3d at 652 (5th Cir. 1994). Here, it is undisputed

7

that plaintiff's direct employer was Orleans Parish Criminal District Court ("OPCDC"), not Judge Willard who is employed by the Louisiana Supreme Court. Rec. Doc. 16 at 1, 9. Therefore, the question becomes whether Judge Willard qualifies as an agent of the OPCDC under the statutes. However, the Court need not decide that question at this time.

The Fifth Circuit has observed that "the purpose of the 'agent' provision in § 2000e(b) was to incorporate *respondeat superior* liability into title VII," and there is "no reason to stretch the liability of individual employees beyond the *respondeat superior* principle intended by Congress." *See Grant*, 21 F.3d at 652. Whereas "Title VII defines 'employer' to include any agent of the employer, *the Fifth Circuit does not interpret the statute to impose individual liability on the agent*." *Minnis v. Bd. of Sup'rs of La. State Univ. & Agric. & Mech. Coll.*, 972 F. Supp. 2d 878, 888 (M.D. La. 2013) (emphasis added) (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)). In fact, the Fifth Circuit has explicitly stated that "relief under Title VII is available *only* against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (2003) (emphasis added).

Therefore, accepting all well-pleaded factual allegations as true in the complaint, plaintiff cannot establish a cause of action under Title VII against defendant Judge Willard in his

8

individual capacity. Because "considerations precluding individual liability under Title VII apply with equal force in ADA actions," plaintiff is similarly unable to state a cause of action under the ADA against defendant Judge Willard in his individual capacity. *See Mays*, 2015 WL 1245683, at *5 (collecting cases on accord). As such, plaintiff's claims against defendant Judge Willard in his individual capacity are **DISMISSED WITH PREJUDICE**.

### 2. Claims Against Defendant Judge Willard in his Capacity as a Supervisor

In addition to naming her employer, the OPCDC, as a defendant in this case, plaintiff also named as a defendant Judge Willard in his capacity as her employment supervisor. *See* Rec. Doc. 14 at 1-2. The Fifth Circuit has held that "outside of an action against an officer personally, a plaintiff does not have an action against both the corporation and its officer in an official capacity." *Indest*, 164 F.3d at 262 (citation and internal quotations omitted). Additionally, "a party may not maintain a suit against both an employer and its agent under Title VII." *Id.* Further, the Fifth Circuit has held that "[i]dividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002)); *Dubois v.*

9

*Cetco Energy Servs., Co.*, No. 14-CV-2396, 2015 WL 569854, at *3 (W.D. La. Feb. 9, 2015) (citations omitted) ("The Fifth Circuit has also repeatedly held, in spite of the agent provision in Title VII, that individuals, in particular employees and supervisors, cannot be held liable under Title VII in either their individual or official capacities.").

Here, plaintiff argues that "Judge Willard may be held liable for violating the ADA and Title VII as both acts incorporate an agent of an employer into the definition of employer." Rec. Doc. 16 at 9. Whereas plaintiff concedes that defendant Judge Willard is employed by the Louisiana Supreme Court, plaintiff seemingly argues that Judge Willard is an agent of the OPCDC and the Louisiana Supreme Court for liability purposes under Title VII and the ADA. *See id.* at 9, 11. Assuming without deciding that Judge Willard is an agent of the OPCDC, under no set of facts can plaintiff establish a cause of action against Judge Willard in his official capacity as a supervisor of plaintiff and agent of OPCDC under Title VII. The Fifth Circuit is clear that "a party may not maintain a suit against both an employer and its agent under Title VII." *Indest*, 164 F.3d at 262. If Judge Willard is an agent of the OPCDC, plaintiff cannot maintain a suit against him and the OPCDC. Since the OPCDC is named a co-defendant in this action, Judge Willard as an agent of the OPCDC would have to be dismissed.

10

Even assuming that Judge Willard is an agent of his employer, the Louisiana Supreme Court, plaintiff is unable to maintain the action against Judge Willard in a supervisory capacity. "The Fifth Circuit has also repeatedly held, in spite of the agent provision in Title VII, that individuals, in particular employees and supervisors, cannot be held liable under Title VII in either their individual or official capacities." *Dubois*, 2015 WL 569854, at *3 (first citing *Ackel*, 339 F.3d at 382 n. 1; then citing *Smith*, 298 F.3d at 448-49; then citing *Indest*, 164 F.3d at 260-62; and then citing *Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 881 (E.D. La. 2013)); *see also Pryor v. Wolfe*, 196 F. App'x 260, 263 (5th Cir. 2006) (affirming the district court's order dismissing plaintiff's claims against the individual defendants because "[i]ndividuals are not liable under Title VII in either their individual or official capacities.").

Plaintiff concedes that "the Louisiana Supreme Court[] will not likely be liable for [Judge Willard's] actions," yet argues that Judge Willard can be held liable under Title VII and the ADA as plaintiff's supervisor as an agent of the employer. *See* Rec. Doc. 16 at 10-11. The Court is unpersuaded by this argument. Plaintiff provides no authority to controvert the Fifth Circuit precedent that individuals, including supervisors such as Judge Massey, cannot be held liable under Title VII in

11

their individual or official capacities. Therefore, plaintiff fails to state a claim against Judge Willard in his supervisory capacity under Title VII. Further considering "(a) the similarities between the definition of 'employer' in Title VII and the ADA, (b) the similar purposes of the two statutes, (c) the Fifth Circuit's consistent holdings that individuals cannot be held liable under Title VII in either their individual or official capacities . . . ," to the extent that plaintiff cannot state a claim under Title VII, this Court holds there is no authority for a claim under the ADA. *See Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. 2013). Therefore, even accepting all well-pleaded facts as true, plaintiff's claims against Judge Willard in his supervisory capacity under both Title VII and the ADA must be **DISMISSED**.

New Orleans, Louisiana this 8th day of August, 2023

￣￣￣￣￣￣￣￣￣￣￣￣￣￣￣￣￣￣￣￣
SENIOR UNITED STATES DISTRICT JUDGE